896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claudine KREE, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1560.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1990.
 
 Before MERRITT, Chief Judge, NATHANIEL R. JONES and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is a social security case in which the claimant appeals the Secretary's denial of benefits in a decision affirmed by the District Court. For reasons set forth in this opinion we reverse and remand.
 
 
 2
 The claimant in this case was 60 years old at the time of the administrative hearing. She has a high school education and her past relevant work includes jobs as a maid and a waitress. Claimant suffers from chronic obstructive pulmonary disease, low back pain, emphysema, diverticulosis and depression. In a second hearing before the Administrative Law Judge (the Appeals Council remanded the case after the first hearing because of errors in the first trial), the ALJ found again that although the medical evidence suggested claimant had chronic obstructive pulmonary disease, the claimant had the capacity to perform her past relevant work.
 
 
 3
 The ALJ considered medical evidence from five doctors. Claimant's treating physician, Dr. Teal, reported that claimant had a history of chronic obstructive pulmonary disease. Id. at 201. Dr. Teal also stated that in his opinion "this patient is medically disabled." Id. at 225. Dr. Barbour, a radiologist, found that claimant suffered from, among other things, degenerative disc disease and moderate diverticulosis. Id. at 188. After performing a pulmonary function study Dr. Gera diagnosed claimant as having chronic obstructive pulmonary disease. Id. at 190. Both Drs. Baumstark and Masud also diagnosed claimant as having chronic obstructive pulmonary disease of moderate severity. Id. at 195, 197. Dr. Sankaran found claimant to have emphysema, unfolding of the aorta and moderate to severe obstructive pulmonary disease. Id. at 207.
 
 
 4
 Although each doctor who diagnosed claimant found that she had moderate to severe chronic obstructive pulmonary disease, the ALJ found claimant could perform her past relevant work which requires frequent standing, walking and carrying objects during a regular work day.
 
 
 5
 The relevant question is whether, in light of the above diagnoses and medical evidence, there is substantial evidence to support the ALJ's finding that claimant could return to her past work as a maid or waitress, a type of work that requires claimant to be on her feet for extended periods of time. There is an absence of proof showing that this sixty year old woman who is diagnosed with moderate to severe obstructive pulmonary disease would be able to work in a job which requires her to exert herself physically for such a long period of time. Indeed, Dr. Masud observed that claimant got "short of breath after a prolonged conversation. There is audible wheezing." J.A. at 197. If claimant gets short of breath and wheezes from merely having a conversation, she certainly would be unable to wait on tables or clean house, both of which would require a great deal more physical exertion than a conversation. There is no evidence to rebut Dr. Masud's observations or the diagnosis of chronic emphysema by each of the physicians.
 
 
 6
 Because there is not substantial evidence to support the ALJ's finding that claimant can return to her past relevant work, we reverse and remand the case to the District Court with instructions to remand to the Secretary for further proceedings to determine claimant's disability given the fact that she cannot return to her past relevant work. The case should not be assigned to the same Administrative Law Judge who has been found to have erred twice in this case.
 
 
 7
 RYAN, Judge, dissenting.
 
 
 8
 In my view, there is substantial evidence in the record to support the Administrative Law Judge's conclusion that while the appellant suffers from a chronic obstructive pulmonary disease, she is, nevertheless, able to perform her past relevant work.
 
 
 9
 The court's opinion, in my judgment, reweighs the evidence, a function not appropriate for this court. For example, the court's opinion states:
 
 
 10
 There is an absence of proof showing that this sixty year old woman who is diagnosed with moderate to severe obstructive pulmonary disease would be able to work in a job which requires her to exert herself physically for such a long period of time. Indeed, Dr. Masud observed that claimant got "short of breath after a prolonged conversation. There is audible wheezing." ... If claimant gets short of breath and wheezes from merely having a conversation, she certainly would be unable to wait on tables or clean house, both of which would require a great deal more physical exertion than a conversation. There is no evidence to rebut Dr. Masud's observations or the diagnosis of chronic emphysema by each of the physicians.
 
 
 11
 While the court's opinion assigns significant weight to the foregoing, it apparently assigns no weight to the Administrative Law Judge's findings that:
 
 
 12
 Claimant's complaints are not fully credible and have not been substantiated by the clinical medical evidence, the observations of the undersigned or the observations of the physicians.
 
 
 13
 While the testimony of the appellant and her physicians, as well as the documentary evidence introduced in support of the plaintiff's claim, admit of contradictory inferences concerning the extent of the appellant's disability, the conclusions drawn by the Administrative Law Judge, that the nature of the plaintiff's pulmonary disorder does not preclude performance of her past relevant work, is supported by substantial evidence.
 
 
 14
 I would affirm the judgment of the district court.